

**SIGNED this 11 day of January, 2023.**

**John T. Laney, III**
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CLYDE D. HILLIS | ) | CHAPTER 7 BANKRUPTCY |
| AND KIMBERLY HILLIS | ) | |
| | ) | |
| Debtors. | ) | CASE NO. 20-70372-JTL |
| | ) | |

## MEMORANDUM OPINION ON CREDITOR'S
## MOTION FOR RELIEF FROM THE STAY,
## DEBTORS' MOTION FOR TURNOVER OF PROPERTY, AND
## CREDITOR'S MOTION FOR RELIEF FROM ORDER

The above-styled contested matter came before the Court on motions for relief from the

stay and for relief from order filed by the Creditor, Southern Pine Credit Union, and a motion for

turnover of property filed by the Debtors. The Debtors ask the Court to order the Creditor to

provide clear title for a 2018 Nissan Armada to which the Debtors claims they are entitled as part

of a sale approved of by this Court. The Creditor had previously moved for relief from the stay

because the proceeds of the sale were not received. The Trustee responded to the Creditor's

motion for relief from the stay questioning the validity of the lien, to which the Creditor

responded in its subsequent motion the Trustee was barred by res judicata from bringing the

motion and, in the alternative, requested relief from the order.

For the reasons stated below, the Court overrules the Trustee's opposition, denies the

Creditor's motion for relief from the stay, and grants the Debtors' motion.

## I.     FACTUAL FINDINGS AND PROCEDURAL POSTURE

The facts of this matter are uncontested. The Debtors filed this case under Chapter 13 on

April 3, 2020 and the Chapter 13 Trustee was assigned the case. Chapter 13 Voluntary Pet., Doc.

1. The Debtors listed the Creditor as secured as to two John Deere loaders, a Nissan Armada, and

a lawn mower. *Id.* Their plan was confirmed on March 17, 2021. Ord. Confrm'ng Chapter 13

Plan, Doc. 31. The plan provided for payments to the Creditor as the secured lender for the two

John Deere loaders, the Nissan Armada, and the lawn mower. *Id*. On April 13, 2022, the Debtors

filed a motion to sell property free and clear of liens for the loaders and the mower, the proceeds

for which would satisfy the Creditor's claim on the loaders, the mower, and the Nissan Armada.

Mot. to Sell, Doc. 38. The Trustee consented to the motion. *Id*. The Creditors responded without

opposition and the Court entered an order accordingly on May 10, 2022. Response with No Opp.

Doc. 39; Ord. Grnt'ng Mot. to Sell. Doc. 40. The Order required the Creditor to release the liens

on the property including the Nissan Armada upon the payment of the sale proceeds. *Id*.

On July 12, 2022, the Debtors converted their case to Chapter 7 and the Chapter 7 Trustee was appointed. Notice of Voluntary Conversion, Doc. 42. On July 27, 2022, the Creditor filed a motion for relief from the stay stating it had not received the proceeds from the sale at that point. Mot. for Relief from Stay, Doc. 53. The parties stipulated during the hearing that the Creditor was paid in full at some point around August 2022, shortly after the motion was filed. Hr'g Held. Doc. 88. The meeting of creditors was scheduled for August 15, 2022, and the Debtors appeared; the Creditor averred that during the meeting the Trustee made a verbal demand to the Creditor for proceeds from the sale. *Id*.

The Trustee responded to the Creditor's motion for relief from the stay with opposition after discovering that the liens on the two loaders and the lawn mower were potentially avoidable under O.C.G.A §§ 11-9-502, 503, and 506. Resp. with Opp. Doc. 60. The financing statements list the husband-Debtor's name as Dewayne Hillis or DeWayne Hillis; the name on the husband-Debtor's driver's license is Clyde Dewayne Hillis. *Id*. In a search using the filing office's standard search logic, the Creditor's lien is not disclosed. *Id* at ex. A and B. The Trustee has filed a related adversary proceeding to determine the validity of the Creditor's liens. *Walter W. Kelley v. Southern Pine Credit Union*, 22-07011-JTL, Compl., Doc. 1. The Creditor filed a motion for relief from order which responds to the Trustee's arguments and, in the alternative, asks for relief from the May 10 order releasing its liens. Mot. for Relief from Ord., Doc. 70. The purchaser of the equipment is in possession of the equipment, however no party averred at what point possession was transferred. Hr'g Held, Doc. 88.

The Court heard the parties' arguments on the motions for relief from the stay and motion for relief from judgment on December 14, 2022, and took the matter under advisement. *Id*.

## II.    LEGAL ANALYSIS

The Court first examines whether the interest in the proceeds of the sale were property of the Chapter 7 estate, giving the Chapter 7 Trustee standing in this matter. The Court concludes they are, and the Trustee does have standing.

Section 348(f)(1)(A) of the Bankruptcy Code states, "the property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." Legal claims and partial interests are property of the estate if possessed by the debtor at the time of conversion. *See e.g., Fix v. First State Bank of Roscoe*, 559 F.3d 803, 809 (8th Cir. 2009) (stating a contractual right in a Chapter 13 estate was property of a Chapter 7 estate). The sale of the equipment, giving the purchaser the right to possession and control of the equipment, was commenced at some point before the conversion of the Debtors' case. The proceeds from the sale, however, were not received by the Creditor until after the conversion. According to the Debtors' motion to sell property, the Debtors and the purchaser had contracted the sale and the Debtors would apply the proceeds from the sale to pay off its debt to the Creditor. The Creditor was the beneficiary of the sale, but the Debtors had the contractual right to the funds at the time of conversion for the amount of the agreed purchase price from the purchaser. Because at the time of conversion the funds had not been paid in satisfaction of the purchase agreement, the Debtors had a legal contractual interest in the funds. Under § 348(f)(1)(A), that contractual claim was absorbed into the estate giving the Chapter 7 Trustee standing.

The question then turns to whether res judicata bars the Chapter 7 Trustee from bringing this action where the Chapter 13 Trustee consented to a motion on the same issue. This Court finds that the Chapter 7 Trustee is barred by res judicata and, thus, cannot successfully oppose the Creditor's motion on his stated grounds.

The Trustee argues that, because the Chapter 7 Trustee is not the Chapter 13 Trustee, he is not barred by the Chapter 13 Trustee's actions prior to the case's conversion. The Chapter 7 Trustee is incorrect. The Eleventh Circuit requires four elements to be present in order to apply res judicata: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

This matter concerns a motion for relief from the stay brought alleging the conditions under the Court's order to sell were not met and a motion for turnover alleging the conditions are since met. This Court entered the underlying order to sell, meeting the first element. Orders to sell are final orders for purposes of res judicata, meeting the second element. *See Providence Hall Associates LP v. Wells Fargo Bank, N.A.,* 816 F.3d 273, 280 (4th Cir. 2016); *In re Nilhan Developers, LLC,* 631 B.R. 507, 525 (Bankr. N.D. Ga. 2021). Furthermore, since the pending motions stem from the order to sell, the fourth element is met.

Accordingly, the Court looks specifically at the third element – whether the Chapter 7 Trustee is in privity with Chapter 13 Trustee. A nonparty litigant is found in privity with the party on record if, " (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants." *Griswold v. County of Hillsborough,* 598 F.3d 1289, 1292 (11th Cir. 2010) (citing *Taylor v. Sturgell*, 553 U.S. 880 (2008)).

5

Section 704(a)(5) of the Bankruptcy Code empowers the Chapter 7 Trustee to "examine proofs of claims and object to the allowance of any claim that is improper." Section 1302(b)(1) states that a Chapter 13 Trustee "shall perform the duties specified in section[]…704(a)(5)…." Both in Chapter 13 and in Chapter 7 the Trustee has the statutory duty to inspect the claims and liens supporting those claims for deficiencies. Court have routinely found where the previous Trustee had a statutory duty that corresponds to a statutory duty of the conversion Trustee, the conversion Trustee's interests were adequately represented in litigation by the previous Trustee. See *In re Collins*, 489 B.R. 917 (Bankr. S.D. Ga. 2012). *In re Ober*, 390 B.R. 60 (Bankr. W.D.N.Y. 2008). Importantly, as Judge Lamar Davis said in *In re Collins*, "adequately represented does not mean successfully represented." 489 B.R. at 923 (internal quotations omitted). The Debtors' motion to sell states the loaders, the lawnmower, and the Armada were "encumbered by a lien held by Southern Pine Credit Union." Mot. to Sell, Doc. 38. Furthermore, the motion states "the Chapter 13 Trustee…consents to the Debtors' motion." *Id*. The Trustee did not himself sign the motion, but he did not file an objection or other response. The motion states that the Trustee consents to the contents of the motion, not just the sale. *Id.* The Court finds that the Chapter 13 Trustee, bound by the same statutory duties as the Chapter 7 Trustee, had the opportunity to investigate and litigate his position and consented to the stipulation of the validity the Creditor's lien. The interests of the Chapter 7 Trustee were adequately represented by the Chapter 13 Trustee satisfying the Eleventh Circuit's third conceptualization of privity.

In addition, Courts have found stipulations made during the administration and settlement of a case were binding from a previous Trustee to a conversion Trustee where the previous Trustee had the same statutory duties as the conversion Trustee. *In re Bettis*, 97 B.R. 344, 347 (Bankr. W.D. Tex. 1989) (finding a Chapter 7 Trustee is bound by the stipulation of a pre-

conversion DIP); *In re Atkins*, 91-02780, 1994 WL 675613, at *2 (Bankr. D. Idaho Nov. 10,

1994) (applying *In re Bettis* to a Chapter 13 case stipulating a valid security interest because the

stipulation applied to all chapters). Cases in which the courts have released a successor Trustee

from a previous Trustee's stipulation involved a finding that the stipulation was contingent on a

successful reorganization or a failure to provide notice. *In re Delafield Dev.,* 54 B.R. 442, 444

(Bankr. E.D. Wis. 1985); *In re Buzzworm, Inc.,* 178 B.R. 503, 513 (Bankr. D. Colo. 1994). The

motion did not include any language premising the stipulation on the case remaining in Chapter

13. All parties were adequately provided notice at the time of the motion and order. The order,

therefore, binds the Chapter 7 Trustee to the Chapter 13 Trustee's stipulations

Finally, the Trustee argues that § 348(f)(1)(B) gives him the power to reevaluate the liens

because the valuation of the estate's property would change. This reading of § 348(f)(1)(B) is

overly broad and does not adhere to the strict reading of the text. Section 348(f)(1)(B) states that

"valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a

case converted to a case under chapter 11 or 12, but not in a case converted to a case under

chapter 7." The Trustee argues that "valuations" as used in the statute should encompass the

validity of liens. H'rg Held, Doc. 88. This reading is not supported the statutory interpretation of

the text. Had Congress intended for that section to encompass the validity of liens, it could have

done so. *See In re Phillips*, 553 B.R. 536, 546 (Bankr. E.D.N.C. 2016) (discussing Congressional

intent when finding § 348(f)(1)(B) does not apply to lien avoidance). The Court is thus

unpersuaded by the Trustee's argument.

## III.    CONCLUSION

The Court find that the Chapter 7 Trustee is barred by res judicata and bound by the order

stipulated to by the Chapter 13 Trustee. The Trustee's arguments interpreting § 348(f)(1)(B) were unpersuasive. The Court will enter an order approving the motion for turnover of property instructing the Creditor to provide the Debtors clear title for the 2018 Nissan Armada. The Court overrules the Trustee's objections to the Creditor's motion for relief from the stay, but will enter an order denying the motion because the purchase price has been paid. The Court will also terminate the Creditor's motion for relief from judgment as moot given the disposition of the other two motions.

END OF DOCUMENT