**SIGNED this 4 day of April, 2023.**



_____
John T. Laney, III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CLYDE D. HILLIS | ) | CHAPTER 7 BANKRUPTCY |
| AND KIMBERLY HILLIS | ) | |
| | ) | |
| Debtors. | ) | CASE NO. 20-70372-JTL |
| | ) | |

**MEMORANDUM OPINION ON THE CHAPTER 7 TRUSTEE'S
MOTION TO RECONSIDER OR VACATE**

The above-styled contested matter came before the Court on a motion filed by the Chapter 7 Trustee, Walter Kelley, to reconsider or vacate the Court's previous memorandum opinion and order. Mot. to Reconsider, Doc. 99. The Trustee asserts that the Court should withdraw its opinion and order under Federal Rules of Bankruptcy Procedure Rules 9023 and 9024. *Id*. For the reasons stated below, the

1

Court finds no grounds under which to vacate its previous opinion and order and denies the Trustee's motion.

I.     FACTUAL FINDINGS AND PROCEDURAL POSTURE

The facts of this matter are uncontested. The Debtors filed this case under Chapter 13 on April 3, 2020 and the Chapter 13 Trustee was appointed. Chapter 13 Voluntary Pet., Doc. 1. The Debtors listed the Creditor, Southern Pine Credit Union, as secured as to two John Deere loaders, a Nissan Armada, and a lawn mower. *Id*. Their plan was confirmed on March 17, 2021. Ord. Confrm'ng Chapter 13 Plan, Doc. 31. The plan provided for payments to the Creditor as the secured lender for the two John Deere loaders, the Nissan Armada, and the lawn mower. *Id*. On April 13, 2022, the Debtors filed a motion to sell the loaders and the mower free and clear of liens, the proceeds for which would satisfy the Creditor's claim on the loaders, the mower, and the Nissan Armada. Mot. to Sell, Doc. 38. The Trustee consented to the motion. *Id*. The Creditors responded without opposition and the Court entered an order granting the motion on May 10, 2022. Response with No Opp. Doc. 39; Ord. Grnt'ng Mot. to Sell. Doc. 40. The Order stated that the Creditor would release the liens and receive the proceeds of the sale. *Id*.

On July 12, 2022, the Debtors converted their case to Chapter 7 and the Chapter 7 Trustee was appointed. Notice of Voluntary Conversion, Doc. 42. On July 27, 2022, the Creditor filed a motion for relief from the stay stating it had not received the proceeds from the sale at that point. Mot. for Relief from Stay, Doc. 53. The parties stipulated during the hearing that proceeds were delivered to the Creditor around August 2022. Hr'g Held. Doc. 88.

The Trustee responded to the Creditor's motion for relief from the stay with opposition after discovering that the liens on the two loaders and the lawn mower were potentially avoidable under O.C.G.A §§ 11-9-502, 503, and 506 and accordingly, the Trustee was entitled to the proceeds of the sale. Resp. with Opp. Doc. 60. The Court heard the parties' arguments on the motions for relief from the stay and motion for relief from judgment on December 14, 2022. *Id*.

The Court entered a memorandum opinion and related order on January 11, 2023, holding that the Chapter 7 Trustee was barred from opposing the Debtors' motion to sell and order granting said motion

that were filed during the Debtors' Chapter 13 case because the Chapter 13 Trustee had consented to the motion and to the proposed order. Memorandum Opinion, Doc. 89. The Court found that the Chapter 13 Trustee's consent binds the Chapter 7 Trustee as a successor Trustee and thus the Chapter 7 Trustee was bound by res judicata. *Id*. The Chapter 7 Trustee filed this motion to reconsider or vacate the Court's opinion and related order on January 26, 2023. Mot. to Reconsider, Doc. 99. The Court held a hearing on the motion on March 29, 2023, during which the Trustee presented his arguments, and the Debtors and the Creditor presented their opposition. Hr'g Held, Doc. 108. The Court took the matter under advisement. *Id*.

   II.   **LEGAL ANALYSIS**

The Trustee brought this motion under Federal Rules of Bankruptcy Procedure Rule 9023. Rule 9023 incorporates Federal Rule of Civil Procedure Rule 59 with minor differences unrelated to this motion. A Rule 59 motion "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.,* 388 B.R. 795, 805 (Bankr. App. 6th Cir. 2008) (internal quotation omitted). Grounds for relief under Rule 59 in the Eleventh Circuit are limited to "newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999).

   a.   **The Debtors' service deficiencies do not rise to manifest error of law or fact.**

The Trustee first argues improper service under Rule 7004(h). Mot. to Reconsider, Doc. 99. Rule 7004(h) requires service by certified mail to FDIC-insured depository institutions. Rule 7004(h) includes exceptions, none of which apply in this case. The parties agree that at least one institution that should have been served with the Debtors' motion to sell in accordance with Rule 7004(h) was not. Hr'g Held, Doc. 108.

This inadequate service, however, does not rise to the level of manifest error to justify the Court's use of Rule 59. The cases cited by the Trustee as support for vacating a judgment because of insufficient service are all in the context of default judgments directly against the ineffectively served party in adversary proceedings, not a failure to serve a generally interested party in a contested matter.

The Court does not minimize the importance of effective service in the judicial process, but the Court in this matter addresses this issue only in the lens of whether Rule 59 is appropriate to vacate the Court's judgment in this matter. Even if service is ineffective under Rule 7004(h), the Trustee must still meet the burden of Rule 59 to demonstrate why the judgment should be reconsidered or vacated. *In re Braden*, 516 B.R. 672, 676 (Bankr. S.D. Ga. 2014). The Trustee has not presented any newly-discovered evidence nor established why the Debtors' insufficient service constituted a manifest error in law or fact in relation to the Court's judgment. Therefore, the Trustee's first argument fails.

**b.   The Court did not err in finding that the Trustee was bound by res judicata.**

The Trustee then argues that the Debtors' Chapter 13 confirmation order reserved the right for the Trustee to engage in litigation contesting the validity of the liens held on the Debtors' property. Mot. to Reconsider, Doc. 99. The Trustee argues that the motion that the Chapter 13 Trustee consented to did not specifically state that that the lien was perfected, only that the property was encumbered by the lien. *Id*. This argument fails for several reasons.

The Trustee wishes for the Court to reexamine the underlying dispute claiming res judicata does not apply by presenting evidence and arguments that should have been raised in the first hearing. A litigant "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment*." Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005). The Trustee argues that he lacked the opportunity to litigate this issue in the previous hearing because the hearing focused on whether the Trustee was entitled to the proceeds, not whether res judicata applies. The Court in its underlying memorandum opinion found that the Trustee was not entitled to the proceeds because of res judicata. The argument seems to fall squarely in the purview of the previous hearing. However, the Court will address whether it made a mistake of law concerning res judicata in this case.

The Chapter 7 Trustee notes that the language in the Debtors' confirmed plan reserves the right for the Chapter 13 Trustee to later litigate the validity of liens in the case. Mot. to Reconsider, Doc. 99; Modified Ch 13 Plan, Doc. 28. The Chapter 13 Trustee, however, consented to a later motion to sell

4

which calls for the distribution of the proceeds of the sale to the Creditor without conditioning the distribution on the liens' validity or reserving his right to litigate their validity in the future. Mot. to Sell, Doc. 38. This consent either demonstrates the Chapter 13 Trustee's decision not to exercise his reserved right to litigate the validity of the liens or modifies the plan to extinguish that right as to this property. If the Chapter 13 Trustee simply chose not to raise the issue of the validity of the liens, the Chapter 7 Trustee would be bound by res judicata as to that litigation decision. There is no evidence in the record to support this conclusion. Instead, the Court looks to the effect of the motion to sell on the plan as confirmed.

A motion to sell can, by its contents, modify a confirmed plan without a motion for modification. See e.g. *In re Beasley*, 523 B.R. 281, 285 (Bankr. S.D. Ga. 2014); *Ritts v. Grigsby*, 308 B.R. 231, 234 (D. Md. 2004). In this case, the Debtors' plan was necessarily modified by the motion to sell because the Creditor would no longer be provided for by the plan opposed to the recited treatment of the Creditor in the confirmed plan. Modified Ch 13 Plan, Doc 28; Mot. to Sell, Doc. 38. Therefore, the order granting the motion to sell displaces the treatment of the Creditor in the plan and the motion to sell represents the new relationship between the Debtors and the Creditor, as well as the Trustee, outside of the confirmed plan. Therefore, the Chapter 13 Trustee's consent supersedes the contents of the Debtors' plan regarding this property, and the Court must look at the effect of the Chapter 13 Trustee's consent to the motion to sell on the successor Chapter 7 Trustee's right to determine the validity of the Creditor's liens.

A motion to sell alone does not extinguish the Trustee's right to determine the validity of a lien after the sale of the property; the lien and that right, instead, transfer to the proceeds of the sale. *In re Laines*, 352 B.R. 410, 415 (Bankr. E.D. Va. 2005). The Chapter 13 Trustee consented to the motion to sell, however, which included the stipulation that the property was encumbered by a lien, to the sale of the property free and clear of those liens, and, importantly, that the Debtors would dispense the unexempted proceeds to Creditor. Mot. to Sell, Doc. 38. Had the case remained a Chapter 13 case, the Trustee would be estopped from rescinding his consent to the distribution of proceeds to Creditor if he discovered the potential invalidity of the Creditor's lien. The same information was available to the Chapter 13 Trustee

5

at the time of the motion that was available to the Chapter 7 Trustee when he made this discovery. Instead, res judicata binds the Chapter 13 Trustee to his consent to the distribution of the proceeds to the Creditor, and, as this Court previously extensively discussed, then binds the Chapter 7 Trustee as a successor Trustee. The Chapter 13 Trustee consented to the distribution to Creditor, therefore, the Chapter 7 Trustee cannot now claim the proceeds of the sale.

Moreover, the proceeds were remitted in exchange for the Creditor's promise to release the liens on the collateral. This consideration from the Debtors to Creditor allowed for this sale in reliance on the finality of the Court's order and the disposition of these proceeds. Allowing a negotiated sale agreement between a debtor and creditor that included the Trustee's consent, to later unexpectedly expose that creditor to further litigation against the Trustee, would dissuade creditors from entering such agreements and fail to allow for the judicious disposition of debtor's estates. This Court, therefore, finds that the consent of the Chapter 13 Trustee for the treatment of the proceeds in a sale is binding upon him and any successor Trustee.

Therefore, because the Court found that a successor Trustee is bound to the actions of a predecessor Trustee because of res judicata, the Chapter 13 Trustee's consent to the Creditor's release of the liens, and the remission of the sale proceeds to the Creditor, encompass and bind the Chapter 7 successor trustee to the sale and the disposition of the proceeds regardless of the validity of the liens.

    **c.  The Trustee's untimely argument about the Debtors' motivations fails.**

The Trustee subsequently argues Debtors moved to sell the property before conversion to reduce the assets the Chapter 7 Trustee could liquidate, wrongfully manipulating the system. This may have been compelling during the initial hearings. However, in his Rule 59 motion, the Trustee did not present new evidence that was unavailable at the time of the first hearing, nor argues a mistake in fact or law. Instead, the Trustee attempts to relitigate the Debtors' motive and invalidate the sale outside of the scope of a Rule 59 motion. *See Michael Linet, Inc.,* 408 F.3d at 763. Therefore, the Trustee cannot succeed on this issue in the motion at bar.

    **d.  The Court denies the Trustees oral motion under Rule 60(b)(6).**

The Trustee finally orally requested relief under Federal Rules of Bankruptcy Procedure Rule 9024 incorporating Federal Rules of Civil Procedure Rule 60. Specifically, the Trustee requested relief under Rule 60(b)(6). To succeed on a motion under Rule 60(b)(6), the movant must demonstrate that the "circumstances are sufficiently extraordinary to warrant relief." *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987). The movant failed to do so. Therefore, the Court denies the Trustee's oral motion.

### III.    CONCLUSION

The Court finds that, while at least one FDIC-insured institution was improperly served, the error does not rise to the level to justify the use of Rule 59. The Court also reiterates its previous finding that the Trustee is bound by res judicata as to the disposition of the proceeds in the motion to sell. The Trustee's argument about the Debtors' motivations in converting their case is not a ground for reconsideration under Rule 59. The Court found no circumstances sufficiently extraordinary as to grant the Trustee's motion under Rule 60(b)(6). Accordingly, this Court will enter an order denying the Trustee's motion to reconsider or vacate its previous order.

END OF DOCUMENT